IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AMERICAN STAINLESS & SUPPLY, LLC, MECHANICAL SUPPLY CO., & SUPERIOR CRANES, INC. | ) ) ) ) |
| Appellants, | ) ) |
| v. | ) ) |
| ALL POINTS CAPITAL CORP., | ) ) |
| Appellee. | ) ) ) |

1:08CV680

MEMORANDUM OPINION

TILLEY, Senior District Judge

This matter is before the Court on Appellants American Stainless & Supply, LLC, Mechanical Supply Company, and Superior Cranes, Incorporated's ("44A Claimants") Motion for Leave to Appeal. [Doc. # 2.] The appeal arises out of an adversary proceeding, <u>All Points Capital, Corp. v. Laurel Hill Paper Co.</u>, A.P. No. 07-2040, related to bankruptcy proceedings in <u>In re Laurel Hill Paper Co.</u>, case no. 07-10187. The 44A Claimants seek leave to appeal the Bankruptcy Court's interlocutory order of July 22, 2008. [Doc. # 2.] For the reasons stated below, the Motion for Leave to Appeal is denied.

I.

The debtor in the underlying bankruptcy proceedings, Laurel Hill Paper Company, filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 13, 2007. [In re Laurel Hill Paper Co., Doc. # 11.] The Debtor's assets included a recycled paper manufacturing facility located in Cordova, North Carolina. Multiple creditors claim liens against the real and personal property at the facility. This facility, along with its inventory and equipment, was sold on May 29, 2007, and all creditors' liens were transferred to the sale proceeds. The sale of the facility netted $21,965,868.27. The Debtor allocated approximately $4.2 million to pay creditor liens on real property and approximately $17.8 million to pay creditor liens on personal property.

The 44A Claimants each claim liens pursuant to Chapter 44A of the North Carolina General Statutes against the facility proceeds designated for real property based on the cost of services and materials provided in connection with the installation of a new Metso DCT 100 paper mill ("the Metso") and related machinery. The 44A Claimants object to the Debtor's characterization of the Metso and other machinery as personal property. On August 8, 2007, the Debtor filed an adversary proceeding seeking, among other things, approval of its allocation of proceeds and a denial of the 44A Claimants' claims. On August 13, 2007, All Points Capital Corporation filed an adversary proceeding seeking similar relief. The two adversary actions were consolidated, and on October 29, 2007, the Bankruptcy Court

2

suspended all pleadings until the validity of the 44A Claimants' objections could be determined. A trial was held before the Bankruptcy Court on March 31, 2008. On July 22, 2008, the Bankruptcy Court issued a memorandum opinion and order holding that the proceeds from the sale of the facility are properly allocated between real and personal property and that none of the 44A Claimants has an enforceable lien against the facility proceeds. [Doc. # 2, ex. 1, 2.]

The 44A Claimants now seek review of four issues: (1) whether the Metso and ancillary equipment should be considered real or personal property; (2) whether the acceptance by American Stainless & Supply, LLC, of a promissory note with an acceleration clause from the Debtor constituted a waiver of Chapter 44A lien rights; (3) whether Superior Cranes, Inc. performed a lienable event at the facility on February 7, 2007; and (4) whether American Stainless & Supply, LLC, and Mechanical Supply Company were required to file a *lis pendens* on real property that was sold pursuant to the Bankruptcy Court's order.

II.

Pursuant to 28 U.S.C. § 158(a), a district court has discretionary jurisdiction to hear appeals from interlocutory orders and decrees of the bankruptcy court. Section 158 provides no guidance as to when a court should grant a motion for leave to appeal. However, section 158(c) states that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Therefore, district courts apply an analysis similar

3

to that used when certifying interlocutory review by the court of appeals under 28 U.S.C. § 1292(b). KPMG Peat Marwick, L.L.P. v. Estate of Nelco, LTD., Inc., 250 B.R. 74, 78 (E.D. Va. 2000).

Under section 1292(b), leave to appeal an interlocutory order should only be granted when 1) the order involves a controlling question of law, 2) about which there is a substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation. Atl. Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996). Because section 1292(b) should be used sparingly, its requirements should be strictly construed. State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995) (citing Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989)). If any one of these elements is left unsatisfied, the motion for leave to appeal must be denied. Atl. Textile Group, 191 B.R. at 653.

III.

The first issue the 44A Claimants wish to appeal is whether the Bankruptcy Court erred in ruling that the proceeds from the sale of the Metso and ancillary equipment constitute personal property. [Doc. # 2.] This issue, however, does not present "a controlling question of law". In this context a controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." KPMG, 250 B.R. at 78 (citing Fannin v. CSX Transp. Inc., 1989 WL 42583, at *5 (4th Cir. Apr.

4

26, 1989)). This issue is not dispositive because the Bankruptcy Court after taking substantial evidence – sometimes conflicting – made findings of fact which disallow the petitioners' status as lienholders under Chapter 44A. Even if the funds were considered "real property", the Claimants would not benefit unless other rulings, including findings of fact, were deemed erroneous.

The remaining issues do not involve narrow questions of pure law, but conclusions of law dependant upon findings of fact made by the court after receiving extensive evidence. None of the four issues which Petitioners wish to appeal, considered separately or together, warrant interlocutory review. For this reason the request for an appeal at this stage of the proceeding is DENIED.

This the day of January 9, 2009

　　　　　　　　　　　　　　　／s/ N. Carlton Tilley, Jr.
　　　　　　　　　　　　　　　Senior United States District Judge